**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION | : : : | NO. 2:09-cv-1166 |
| vs. | : : | ELECTRONICALLY FILED |
| KOHLL'S PHARMACY AND HOMECARE, INC. | : : | JURY TRIAL OF 12 DEMANDED |

## DEFENDANT'S PRETRIAL MEMORANDUM

Pursuant to the Court's November 13, 2009 Scheduling Order (Docket No. 9) and Local Rule of Civil Procedure 16.1(c), Defendant Kohll's Pharmacy and Homecare, Inc. hereby submits its pretrial memorandum in the above-captioned matter.

### I.    Brief Statement of the Nature of the Action and Basis of Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b).

Kohll's and the Plaintiff entered into a contractual agreement known as a Prime Vendor Agreement ("PVA").  This was subsequently amended by a First Amendment to the Prime Vendor Agreement. The PVA itself, by its terms and by the terms of the predecessor document known as an Individual Purchase Agreement, must be read together with the other documents to determine the rights of the parties.  Because based on these documents, and the rights afforded to Kohll's within these documents, Kohll's terminated its Agreement with ABDC in January of 2009. The Plaintiff claims that Defendant was in breach of the Agreement and was bound to continue the contractual relationship until January 2012. Plaintiff has filed this suit seeking damages for Breach of Contract.

## II. Brief Statement of Facts

ABDC is a national wholesale distributor of pharmaceutical and other products. Kohll's Pharmacy is a local Omaha pharmacy consisting of eight stores, one of which is located in Colorado. Kohll's negotiated with ABDC to come to terms in order to agree to utilize ABDC as its wholesale pharmaceutical supplier. These negotiations resulted in a written agreement entitled Individual Purchase Agreement which was signed by the Defendant on December 27, 2005 at the request of the Plaintiff.

Thereafter, the Plaintiff underwent to convert Defendant's inventory, re-label its store products, purchase and install computer and software programs to effectuate the contract, and began to do business. At the completion of this conversion, all done in reliance upon the original Agreement, ABDC representative Dennis Witkowski approached David Kohll, the principal of Defendant. At that time, he provided him with a copy of another contract called the Prime Vendor Agreement. He represented in sum and substance that the terms of the PVA were a recapitulation of those terms agreed upon in the Individual Purchase Agreement and the form of which had changed based upon the requirements of ABDC's legal department.

An important factor in the negotiations for the Agreement was the ability of Kohll's to leave this six year contract after three years without penalty. Mr. Witkowski repeatedly reassured Mr. Kohll that that was their agreement. When questioned, he indicated that the same language and term appeared in the PVA pointing to such language at ¶ 7. Based upon that representation, Mr. Kohll signed the PVA.

Thereafter, the terms of the PVA were amended in March of 2007 in part so that Kohll's could utilize another vendor known as PBA as a backup provider of pharmaceuticals in the event that ABDC was out of stock or did not carry certain items. The details of the fees that would be

paid in relation to the utilization of PBA were addressed in the amendment. At the insistence of Mr. Kohll, the amendment, which was initially drafted by ABDC, was changed to include early termination language which made clear that Kohll's was only obligated to continue with the PVA with ABDC until January 9, 2009.

The original early termination provisions set forth in the PVA at ¶ 7 did not include the language describing the remedies set forth therein as the sole and exclusive remedies for any breach of contract. However, the representations of ABDC made it clear that the agreement between the parties were such that ¶ 7 was intended to be the sole remedy for any breach pursuant to the Agreement. Defendant now asserts that based upon the law in the Commonwealth of Pennsylvania and the doctrine of mutual mistake and/or fraud in the execution, that the contract provision should be reformed to include exclusive remedy provision.

Likewise, the original Individual Purchase Agreement signed by Mr. Kohll on December 27, 2005, the document he believed throughout his initial dealings with ABDC constituted the agreement between the parties, gave both Kohll's and ABDC the right to terminate the Agreement at any time with 60 days notice. It is undisputed that this term was negotiated and agreed upon between the parties. Nevertheless, when ABDC drafted the PVA, it failed to include this provision giving only itself a 60 day right of termination. The contract was silent as to Kohll's right of termination. The evidence produced to date clearly establishes that there was at minimum mutual mistake in the failure to include that term in the PVA at the time it was drafted by ABDC.

Plaintiff now claims that Kohll's improperly breached its agreement when it terminated the Agreement in January 2009. Plaintiff asserts that they are entitled to monetary damages representing their expected profits for the remaining three years of the Agreement.

Defendant asserts that the contract was terminated properly and that it was well within its rights based upon the parties' agreements. This position is buttressed by Defendant's assertion that the contract should be reformed to verify the 60 day termination provision and the limitation that the repayment of certain conversion credit allowances paid in the first several years of the contract, were the sole remedy available to ABDC in the event of the termination of the Agreement prior to its conclusion.

Plaintiff asserts that the PVA contains an integration clause. However, the PVA does not contain an integration clause. The PVA does not state that "this is the entire agreement between the parties." Rather, it explicitly indicates that if the document conflicts with prior documents, that the present PVA would prevail. Thus, it is clear that the terms of the prior December 27, 2005 agreement must be read together with the PVA, and that the PVA is not a fully integrated contract. This, along with the legal doctrines of fraud in the execution and mutual mistake permit the submission of parol evidence to reform the contract and have the jury determine the terms which bind the parties in the contractual relationship.

**III.** **List of Names and Addresses of Witnesses**

    **A.** **Fact Witnesses**

Defendant anticipates calling the following individuals as fact witnesses at time of trial:

1.     David Kohll
        107 South 128th Plaza
        Omaha, Nebraska 68154

2.     Dennis Witkowski
        3344 North Pebble Rapids Place
        Tuscon, Arizona 85712

3.     Cecile Zeigler
        476 Ferncastle Drive
        Exton, Pennsylvania 19341

    4.      William Brazell
           2123 Hightop Lane Northeast
           Rochester, Minnesota 55906

    5.      Robert Muller
           Kohll's Pharmacy and Homecare, Inc.
           5000 Dodge Street
           Omaha, NE 68132

## IV.   Schedule of Exhibits

Attached hereto as Exhibit "A" is a list of those exhibits Defendant intends to offer at time of trial. Defendant reserve the right to add and identify additional documents or utilize any documents produced during the course of discovery for purposes of impeachment or for any other purpose. Defendant also reserves the right to introduce any document identified by the Plaintiff in Plaintiff's Pretrial Memorandum.

## V.   Estimated Number of Days Required for Trial

Defendant anticipates that this matter will take three to four days for trial.

## VI.   Special Comments and Expected Opinion Testimony from a Lay Witness

Defendant will not call any such witnesses at the time of trial. Defendant will utilize David Kohll to rebut any testimony regarding damages Plaintiff alleges to have sustained.

## VII.   Objections to Admissibility of Exhibits Based on Authenticity

Defendant does not at this time object to any specific document on the basis of authenticity.

## VIII.   Objections to Admissibility of Evidence Expected to be Offer

Defendant does anticipate objecting to any evidence expected to be proffered by the Plaintiff regarding return credits paid, due, owing, or disputed as between Kohll's and ABDC and any emails, correspondence or testimony relating to such credits.

Defendant objects to the anticipated admission of evidence regarding any violations or fines levied against Defendant Kohll's or any similar testimony which Defendant asserts Plaintiff improperly intends to introduce to assail the character of Defendant as well as its representative David Kohll and is not offered for any valid or relevant purpose.

Defendant reserves the right to file full motions in limine on these or other subjects to the extent identified prior to trial.

In addition, Defendant objects to the utilization of Joseph D. Perrault or Timothy Waitte as lay witnesses to testify regarding damages or to offer opinions regarding Plaintiff's damages.

Respectfully submitted,

MAYERS, MENNIES & SHERR, LLP

By: /s/ Joseph B. Mayers
JOSEPH B. MAYERS, ESQUIRE
JOHN A. ANASTASIA, ESQUIRE
Attorney for Defendant
Attorney I.D. No. 40731/67723
3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA 19422-0440
Telephone: (610) 825-0300
Facsimile (610) 825-6555
Email: jmayers@mmsllp.com
janastasia@mmsllp.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERISOURCEBERGEN DRUG CORPORATION | : | NO. 2:09-cv-1166 |
| | : | |
| vs. | : | ELECTRONICALLY FILED |
| | : | |
| KOHLL'S PHARMACY AND HOMECARE, INC. | : | JURY TRIAL OF 12 DEMANDED |
| | : | |

## CERTIFICATE OF SERVICE

I, JOSEPH B. MAYERS, ESQUIRE, Attorney for Defendant, hereby certify that a true and correct copy of Defendant's Pretrial Memorandum has been served on the following electronically on the date listed below:

        Craig D. Mills, Esquire
        Donald W. Myers, Esquire
        Buchanan Ingersoll & Rooney, P.C.
        Two Liberty Place
        50 South 16th Street, Suite 3200
        Philadelphia, Pennsylvania 19102
        Attorneys for Plaintiff

Dated: July 19, 2010        /s/ Joseph B. Mayers
                                        JOSEPH B. MAYERS, ESQUIRE
                                        Attorney for Defendant
                                        Attorney I.D. No. 40731
                                        3031 Walton Road, Building A
                                        Suite 330, P.O. Box 1547
                                        Blue Bell, PA 19422-0440
                                        Phone: (610) 825-0300
                                        Fax:   (610) 825-6555