IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| AMERISOURCEBERGEN DRUG | : | CIVIL ACTION |
|---|---|---|
| CORPORATION, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KOHLL'S PHARMACY AND | : | NO. 09-1166 |
| HOMECARE, INC., | : | |
| Defendant. | : | |

MEMORANDUM

GENE E.K. PRATTER, J.                                                    SEPTEMBER 24, 2010

Plaintiff Amerisourcebergen Drug Corporation ("ABDC") filed this action against

Defendant Kohll's Pharmacy and Homecare, Inc. ("Kohll's") for breach of contract. Kohll's

filed a Notice of Removal from the Court of Common Pleas of Chester County, Pennsylvania, on

March 17, 2009, and its answer was filed on March 19, 2009. In accordance with the Court's

November 13, 2009 Scheduling Order, the parties were to have concluded discovery by May 28,

2010,[1] after which briefing was submitted concerning the ABDC's Motion for Partial Summary

Judgment, filed June 30, 2010. ABDC and Kohll's submitted their pretrial memoranda on July

12, 2010 and July 19, 2010, respectively. Thereafter, Kohll's filed its Motion for Leave to File

First Amended Answer to the Complaint with Affirmative Defenses and Counterclaim on July

22, 2010, which is now before the Court.

---

[1] The parties have indicated depositions took place by mutual agreement after this date.

The parties' principal dispute at this time concerns whether Kohll's may amend to assert

additional affirmative defenses of fraud in the execution, accident, and mistake.[2]  For the reasons

set forth below, the Court grants the motion for leave to file an amended answer.

II.     STANDARD OF REVIEW

Grant of leave to amend is within the discretion of the district court.  *See Zenith Radio*

*Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S.

178, 182 (1962)); *see also Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990) (articulating that

abuse of discretion is the standard of review for decisions on leave to amend pleadings).  Federal

Rule of Civil Procedure 15(a) provides that the Court should "freely give leave" for a party to

file an amended pleading "when justice so requires."  The "burden is generally on the non-

moving party to demonstrate why leave to amend should not be granted." *Rizzo v. PPL Service*

*Corp.*, No. 03-5779, 2005 WL 1397217, at *3 (E.D. Pa. June 10, 2005) (citing *Foman*, 371 U.S.

at 182).

The Court may deny a request to amend a pleading only when the following

circumstances exist:  "'(1) the moving party has demonstrated undue delay, bad faith, or dilatory

motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other

part[ies].'" *Juan v. Sanchez*, 339 F. App'x 182, 187 (3d Cir. 2009) (quoting *Lake v. Arnold*, 232

F.3d 360, 373 (3d Cir. 2000)).  Delay alone is insufficient to deny a plaintiff's motion to amend

a complaint, *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004).  However, if "delay . . .

---

[2]  ABDC conceded at oral argument on September 16, 2010, that it is not contesting Kohll's
seeking leave to amend to assert a request for attorneys fees, costs, and interest arising under the
contract at issue.  Such a request was included in the original answer, but not as a separate
counterclaim. The parties indicated they intend to dispose of this issue at a later time.

[has] become 'undue,' placing an unwarranted burden on the court, or . . . [has] become 'prejudicial,' placing an unfair burden on the opposing party," delay may be sufficient to deny a motion to amend. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). Additionally, leave to amend may be denied when a movant fails to exercise earlier opportunities to amend, with no adequate justification. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3rd Cir. 2006).

III.    DISCUSSION

Kohll's explains that it seeks leave to amend simply because discovery revealed evidence that was not previously available when Kohll's filed its original answer and this information supports the additional proposed defenses at issue. ABDC opposes the amendments, first asserting that the Kohll's motion is untimely for Kohll's had the ability to raise the affirmative defenses at least several months before its July 22, 2010 motion, as evidenced by several earlier filings by Kohll's that contain references to the defenses or indicate Kohll's possessed all of the relevant information that would support the defenses. In particular, ABDC notes that a Kohll's March 15, 2010 response to ABDC's motion for judgment on the pleadings contained the explicit claim that it was the victim of fraud, accident or mistake, and Kohll's failed to amend its answer at that time, even while discovery was ongoing.

ABDC further argues that it suffers undue prejudice because Kohll's failed to amend its answer before discovery concluded and before ABDC filed its motion for partial summary judgment and pre-trial memorandum. As a result of the delay, ABDC contends it was unable to conduct discovery on the proposed theories of defense and is now forced to expend time and

resources on supplemental discovery and re-filing its motion and memorandum.  Finally, ABDC argues that the affirmative defenses that Kohll's seeks to allege are futile as a matter of law.

The Court observes at the outset that the current state of pleading standards after *Bell Atlantic v. Twombly Corp.*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), arguably remind practitioners of their obligation to be more forthcoming as to the particulars of a dispute.   Other standards caution against making unsupportable claims.  Thus, higher pleading standards can serve as both a sword and a shield, excusing parties who delay amendments until claims or defenses are well beyond nascence and in fact highly developed.  To be sure, the risk of submitting insufficient pleadings encourages prudent parties and professionals to proceed cautiously in seeking amendments, and warrants a court's indulgence of any party moving for leave to amend, even if that party is less than punctual.  Consequently, case law in combination with the principle that generally leave should be granted under the Federal Rules of Civil Procedure places, perhaps unfairly, a heavy burden on the nonmoving party who has committed no wrongdoing.[3]

---

[3]  This observation appears to apply as equally to defendants as it does to plaintiffs.  *See, e.g.*, *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, No. C 08-04058 MHP, 2010 WL 2507769, at *4 (N.D. Cal. June 22, 2010) (noting the majority of district courts have applied the *Twombly* pleading standard to affirmative defenses); *Bradshaw v. Hilco Receivables, LLC*, No. RDB-10-113, 2010 WL 2948181, at *3 (D. Md. July 27, 2010) (same); Manuel John Dominguez et al., *The Plausibility Standard as a Double-Edged Sword:  The Application of* Twombly *and* Iqbal *to Affirmative Defenses*, 84 Fla. B.J. 77, 78 &  n.27 (June 2010) (citing nine cases to support the contention, "The reasoning most frequently advanced by applying courts is that *Twombly*'s interpretation of Rule 8(a) applies to all pleadings, including affirmative defenses."). *But see Romantine v. CH2M Hill Engineers*, Inc., No. 09-973, 2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) ("This court does not believe that *Twombly* is appropriately applied to either affirmative defenses under [Federal Rule of Civil Procedure] 8(c), or general defenses under Rule 8(b) . . . .").

Thus, despite Plaintiff's counsels' best efforts to argue otherwise, the Court finds that it would be an abuse of its discretion not to grant the Kohll's motion, because Kohll's has advanced a reasonable explanation for the timing of its motion and an amended answer would not result in undue prejudice to ABDC. Perhaps the motion to amend could have been filed earlier, however, "[t]here is, of course, no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" *Arthur*, 434 F.3d at 205. More importantly, Kohll's has a sufficient justification for waiting to amend: its original answer did not have the benefit of certain information obtained in discovery, and the full array of discovery procedures from document production to depositions permitted Kohll's to identify sufficient evidence that supports its proposed affirmative defenses. Furthermore, ABDC has not asserted, nor does the record suggest, that Kohll's acted in bad faith to warrant a denial of leave.

Also, this case does not present circumstances where delay has imposed an unfair burden on ABDC amounting to unfair prejudice. ABDC would have to show "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [movant's] amendments been timely." *Heyl & Patterson Int'l., Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citing *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 n.19 (3d Cir. 1969)). The Court finds ABDC cannot be unduly prejudiced when it has the opportunity for limited supplemental discovery that can be conducted within months of the original discovery period[4] and concurrently with the additional discovery this Court ordered on July 26, 2010. Further, the Court recognizes the expense of discovery can

---

[4] The parties noted at oral argument that the relevant witnesses are living and available for further testimony.

be mitigated for ABDC through the cooperation of Kohll's in producing any necessary witnesses at its own expense. ABDC also appropriately acknowledged at oral argument that its Motion for Partial Summary Judgment, filed June 30, 2010, and its pretrial memorandum could be readily revised and refiled with the Court. In light of these circumstances, ABDC will not be unduly burdened, disadvantaged, or deprived of any opportunities it could have enjoyed if the amendments had been more timely.[5]

The Court further finds that it is not appropriate to conclude that the amendments proposed by Kohll's are futile given the number of factual disputes relating to the elements of the parties' arguments.

V.      CONCLUSION

For the foregoing reasons, the Court grants the Defendant's motion for leave to amend. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[5] The Court also notes that ABDC's reliance on various prior filings by Kohll's erodes its own argument to an extent. While ABDC argues these filings demonstrate Kohll's had the information needed to assert its defenses well in advance of its motion for leave to amend, the filings also serve as evidence that ABDC early on had notice of the possible defenses, ameliorating the issue of unfair prejudice.